

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,406-01

### EX PARTE SAMUEL DENNY ROBINSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 976148-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.  YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

### O R D E R

Applicant was convicted of murder and sentenced to sixty-five years' imprisonment.  The First Court of Appeals affirmed his conviction.  *Robinson v. State*, No. 01-12-00198-CR (Tex. App. — Houston [1st Dist.] Feb. 20, 2014) (not designated for publication).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for various reasons.  Although trial counsel has provided an affidavit responding to some of Applicant's claims, the affidavit does not address all of the claims.

Applicant alleges that trial counsel failed to investigate and secure the presence of a witness who had testified at Applicant's first trial, which resulted in a hung jury mistrial, to testify at his second trial. Applicant alleges that the witness, his girlfriend Tracy Bailey testified at the first trial that Applicant was living in Mississippi at the time of the offense, and not in Texas. At the first trial, Applicant's mother also testified that Applicant was living in Mississippi at the time of the offense, although both witnesses conceded that Applicant could have traveled to Houston. However, both Bailey and Applicant's mother testified at the first trial that the person depicted on the security video of the offense was not Applicant.

In his affidavit, trial counsel states that he spoke with jurors after the mistrial was declared in the first trial, and learned that the single juror who had voted to acquit "had issues with the identification of the defendant by the scene witnesses," suggesting that the testimony of Tracy Bailey and Applicant's mother had raised a reasonable doubt as to the correct identification of Applicant as the shooter.

After the first trial ended in a mistrial, trial counsel apparently withdrew from the representation and did not become involved with the case again until approximately one month before the re-trial was scheduled. At some point after he took over the case again, trial counsel learned that Applicant's relatives were no longer in touch with Tracy Bailey, and did not know her exact whereabouts, although they had apparently been told that Bailey had moved to Washington State. In his affidavit, trial counsel states that when the trial court allowed him to take over the case before the re-trial, it was under the condition that he would be ready for trial when it was scheduled, approximately one month later. Trial counsel states that he did not believe that the trial court would grant him a continuance in order to locate Bailey and secure her testimony. However, trial counsel

does not state what, if anything, he did to try to locate Bailey other than asking Applicant's relatives for information. There is no indication that trial counsel had an investigator try to locate Bailey or tried to have her subpoenaed.

During the second trial, trial counsel called Applicant's mother and cousin to testify that they did not know the whereabouts of Tracy Bailey, in an attempt to establish that Bailey was "unavailable" and to convince the trial court to admit Bailey's testimony from the first trial. The trial court denied trial counsel's request, finding that there was insufficient evidence as to a good faith attempt to secure the witness to testify at the second trial.

Applicant alleges that in addition to not locating and presenting testimony from Tracy Bailey at the second trial, trial counsel did not call Applicant's mother to testify as she had at the first trial, and did not call his cousin to provide similar testimony. It is not clear from the habeas record whether trial counsel presented any testimony or evidence to dispute the identification of Applicant as the shooter during the second trial.

Finally, Applicant alleges that trial counsel did not present any evidence or testimony during the punishment phase of the second trial. In his affidavit, trial counsel states his recollection that Applicant's relatives left the State and returned to Mississippi immediately after the jury found Applicant guilty, but trial counsel cannot remember why they left or why they were not required to stay for the punishment stage.

In support of his claims, Applicant provides affidavits from his mother and cousin, and from Tracy Bailey. All three witnesses state that they were willing to testify both as to the fact that Applicant lived in Mississippi at the time of the offense and as to their belief that the person depicted in the video was not Applicant. In addition, all three witnesses state that they were willing to testify

4

at the punishment phase as to Applicant's character. In her affidavit, Bailey states that at the time of Applicant's second trial, she was still living in the same area where she lived during the first trial, and presumably did not move to Washington State as Applicant's relatives had been told.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to further respond to Applicant's claims. Specifically, trial counsel shall state exactly what he did to try to locate Tracy Bailey in order to testify at Applicant's second trial. Trial counsel shall state whether he presented testimony from any witnesses at the second trial to dispute the identification of Applicant as the person depicted in the security video. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact as to whether trial counsel made any reasonable attempt to locate Tracy Bailey to testify at Applicant's second trial. The trial court shall make findings of fact as to whether Bailey was still living in the same area at the time of the second trial, and whether trial counsel could have located her through the exercise of reasonable diligence. The trial court shall make findings as to whether trial counsel presented any testimony or evidence at Applicant's second trial to dispute the identification of Applicant as the shooter. The trial court shall make findings of fact as to whether Applicant's mother and cousin returned to Mississippi before

the punishment phase, and as to whether trial counsel presented any witnesses or evidence at the punishment phase of trial. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021
Do not publish